## IN THE UNITED STATE BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:
MARISOL RODRIGUEZ NEGRON

**DEBTOR (S)**

FIRSTBANK Puerto Rico: First Leasing
**MOVANT**


MARISOL RODRIGUEZ NEGRON
José Carrión Morales
**RESPONDENT (S)**

CASE NO.: 14-08916  **(ESL)**

CHAPTER 13

### OBJECTION TO CONFIRMATION & REQUEST OF DISMISSAL

TO THE HONORABLE COURT:

COMES NOW, Movant FIRSTBANK PUERTO RICO: - First Leasing, through its undersigned attorney and very respectfully states and preys with the corresponding memorandum of law in compliance with Local Rule Bankruptcy L Rule 9013-2:

### I. JURISDICTION.

1-    The jurisdiction of the Honorable Court is ascertain under Title 28 USC§1334, Title 28 USC §157, 11 USC §365 (1) (A), (B), and (C) on Executory Contract and Unexpired Leases, and 11 USC §1322 (a) (7) on Contents of Plan, and 11 USC §1327 (a) on Effect of Confirmation.

### II. STATEMENT OF FACTS.

2.    The debtor(s) filed her THIRD (3rd) voluntary petition under chapter 13 of the Bankruptcy Code on October 30, 2014 which operates as a stay, applicable to all entities, of - (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the

Case No. [ESL/BKT/MCF/EAG]
FIRSTBANK Puerto Rico: FIRST LEASING
Objection & Memorandum of Law
Page 2 of 12

estate or of portion from the estate or to exercise control of any property of the estate; .... *11 USC §362 (a) (1), (2), (3) et seq See Exhibit A*

      3.      On October 30, 2014, Movant filed a proof of claim to a personal lease agreement contract for the amount of $23,522.32 dollars under account number 1466, with FIFTEEN (15) pre-petition arrears for the amount of $13,567.80. *Bkcy Clm Dck no 10*

      4.      The debtor proposed a plan dated December 3, 2014. The propose plan provides for the direct payments to FirstBank: First Leasing; but, does not provide for the payments of the FIFTEEN (15) PRE- PETITION. *Bkcy Dck no 18*

      5.      The Confirmation Hearing is scheduled for January 9, 2014.  It is Movant contention that Title 11 USC §365 (b) (1) (A) (B) and (C), on Executory Contracts and Unexpired Leases sets the rule; thus, this provision is contrary to the provisions under 11 USC §365 and in that same line objects to the confirmation of the plan as proposed.

**V. DISCUSSION: OF LEGAL BASIS FOR THE OBJECTION.**

      Bankruptcy L Rule 9013-2 (a) specifically provides that except as provided in subsection (b) of this LBR, any motion or response thereto must be accompanied by supporting memorandum that contains the points and authorities in support of the party's position, together with any affidavits or documents in support thereof.

      6.      Title 11 USC §1322 (b) (7) provides:

      **(b)** Subject to subsections (a) and (c) of this section, the plan may—

          **... (7)** subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section; ...

      7.      Title 11 USC §365 provide that:

      **(a)** Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

      **(b)**

          **(1)** If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

              **(A)** cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than

a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

**(B)** compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

**(C)** provides adequate assurance of future performance under such contract or lease

8.     Bankruptcy Rule 6006 sets the procedures to Assume, Reject or Assigned an Executory Contract of Unexpired Lease. To that effect, BR 6006 provides:

(a) PROCEEDING TO ASSUME, REJECT, OR ASSIGN. A proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014.

(b) PROCEEDING TO REQUIRE TRUSTEE TO ACT. A proceeding by a party to an executory contract or unexpired lease in a chapter 9 municipality case, chapter 11 reorganization case, chapter 12 family farmer's debt adjustment case, or chapter 13 individual's debt adjustment case, to require the trustee, debtor in possession, or debtor to determine whether to assume or reject the contract or lease is governed by Rule 9014.

(c) NOTICE. Notice of a motion made pursuant to subdivision (a) or (b) of this rule shall be given to the other party to the contract or lease, to other parties in interest as the court may direct, and, except in a chapter 9 municipality case, to the United States trustee.

9.     Section 365 deals with two kinds of pre-bankruptcy transactions: (1) "executory contracts" and (2) "**unexpired leases**". Neither of these quoted phrases are defined anywhere in the Code. The trustee may elect either of "reject" (i.e. "breach"), "assign" (i.e. "transfer") or "assume" (i.e. "retain") any such contract or lease. ...the requirements in subsection (C) also

apply to assumptions. An assumption must also satisfy the various requirements of assumption of subsection (b) if and only if there was a pre-bankruptcy default.... *3 Collier on Bankruptcy, ch. 365 (Matthew Berner)*

10.     Section 365 (a) of the Code requires court approval for the assumption or rejection of an executory contract by the trustee of debtor in possession… FBRP 6006 provides a procedure for obtaining court approval. Subdivision (a) by referring to Rule 9014 requires a motion to be brought for the assumption, rejection, or assignment of an executory contract. Normally, the motion will brought by the trustee, debtor in possession or debtor in a chapter 13. The authorization to assume a contract and assign it may be sought in a single motion and determined by a single order. *10 Collier on Bankruptcy, chs 6006 and 9014 (Matthew Berner), Advisory Committee Note – FRBP 6006*

11.     The auto lease is assumed in the chapter 13 when the debtor wants to keep the car. <u>Assuming the lease means the debtor agrees to abide by the terms of the auto lease</u>. The entire contract must be assumed or rejected. The terms of the lease cannot be changed as it relates to the regular monthly payments of weekly payments on the lease. Typically the terms include the continuance of timely payments and maintaining auto insurance.  <u>A debtor cannot partially assume a lease; the lease must be assumed in its entirety or not at all</u>. Therefore, a debtor cannot pick the favorable provisions, and reject the unfavorable provisions. The chapter 13 plan can give the debtors no greater rights in the vehicle than exist outside of bankruptcy. The court in, *In re Calloway, Case No. 1050531, MDNC, Winston-Salem Division, J. Aron (Oct. 28, 2010),* quoting *In re Olympia Holding Corp., 188 BR 287, 295 (M.D. Fla. 1994); In re PSA, Inc. 335 B.R. 580, 588 (Bankr. D. Del. 2005); In re Gull Air, Inc. 890 F2nd 1255, 1261 (1rst Cir. 1989)* Property rights are determined by State Law. *Butner v United States, 440 U.S. 48, 55 (1979)*

12.     Under 11 USC §1322 (a) (7) a debtor can assume an unexpired lease for a car in a chapter 13. The Honorable Court shall take notice that this right is subject to the provisions of sections 365. To that effect the Code is clear: … "If there has been a default in the executory contract or unexpired lease of the debtor, the chapter 13 debtor may not assume the lease unless, at the time of assumption of such contract or lease, [the debtor] -

**(A) cure, or provides adequate assurance that the trustee will promptly cure, such default**…

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) **provides adequate assurance of future performance under such contract or lease**."

13.     Learned treatises in chapter 13, interpreted that payments due at the petition under a lease, rental contract or other executory contract are ordinary prepetition claims in chapter 13 case, but get special treatment through the plan. That is way, if a debtor assumes a prepetition lease or executory contract under §365 and §1322 (b) (7), the prepetition defaults must be cured "promptly" (or faster) consistent with §365 (b) (1). *Keith M Lundin & William H Brown, Chapter 13, 4th Edition, §296.1, at ¶ [1], Sec Rev June 30, 2004*

14.     But, what constitutes "prompt" in order to assert a lessor should be entitled preferential *and/or* special treatment of the cure on its pre-petition lease arrears? The Code is silent; indeed, the term "promptly cure" and "adequate assurance" of such prompt cure are not defined buy the Code. But, case law is not silent. The general rule is that the cure of monetary defaults under 11 USC §365 must be made at or near the time the contract is assumed. *ABI Journal, Vol. XXIII, no. 1, February 2004*

15.     To that effect, when the bankruptcy court in In re Reed, was faced with the request of a Creditor that moved for the reconsideration of the confirmation of debtor's chapter 13 plan, under which debtors' had 18 months to cure their lease arrears, the Reed Court ruled that **six months was the maximum permissible period of time in which debtors could cure their automobile lease arrears**. *In re Reed, 226 B.R. 1 (Bkctcy. W.D.Ky. 1998)* Here, the Court agrees with the various Courts, and learned treatises which have held that the prompt cure provisions of 11 USCA §365 (b) (1) which requires a "cure" to be effectuated in a far shorter time than contemplated by the provisions of governs cures of 11 USCA §1322 (b) (5) which governs cured of arrearage on long term debts. The Court followed in generally the rulings in *Matter of DiCamillo, 206 B.R. 64 (Bkctcy. D.N.J. 1997); Lundin, Chapter 13 Bankruptcy, 4-91 (1997); see as well In re Morgan, 181 B.R. 579 (Bkctcy N.D. Ala. 1991)*

16.     The Reed Court also concluded that after considering the scant precedent, ...unless the parties otherwise agreed, the Court will have to determine, on a case by case basis,

Case No. [ESL/BKT/MCF/EAG]
FIRSTBANK Puerto Rico: FIRST LEASING
Objection & Memorandum of Law
Page 6 of 12

what constitutes "prompt cure" for purposes of 11 USCA §365 (b) (1). In cases such as these the Court listed the following items that should be considered:

1. the nature of the lease property;

2. the provisions of the lease;

3. the amount of the arrearage under the lease;

4. the remaining term of the lease; and

5. the provisions of the debtors proposed plan.

17.    In the case of *In re Daugherty, 102 B.R. 167 (Bktcy. E.D.Mo. 1989)* the court lifted the stay in favor of the lessor. The Daugherty Court "announced its Findings and Conclusions from the bench" (*quoting the court*). Here a chapter 13 debtor sought to assume a lease unexpired sublease agreement with leasee of car. The court ruled that –

> **Assumption of an unexpired lease requires an assurance that the Debtor or the trustee will promptly cure the default associated with the lease. See, USC §362 (b) (1) (A). In the present case, the default by means of the chapter 13 trustee's distributions to Mr. Bajardi concurrently with distributions upon secured claims held by three other creditors. The default to Mr. Bajardi, therefore, would not be cured until more than one year after the commencement of the case.** The Court has concluded that this provision of the proposed plan does not promptly cure the default as required by section 365 (b) (1) (A). The Debtor's plan is not otherwise capable of being confirmed.

18.    Following that line of cases, the Bankruptcy Court in General Motors Acceptance Corp. v Roosevelt Lawrence ruled upon an action brought by the owner and holder of an automobile lease to compel the assumption or rejection of the lease and the curing of a prepetition default for $554.10 dollars, that –

> **It seems unlikely that a period in excess of one year would be considered by this Court to be a prompt cure of a default under section 365 (b) (1) (A).** More likely, the term "promptly" demands a more immediate payment than "a reasonable time". *General Motors Acceptance Corp v Lawrence, 11 B.R.44, 45 (Bkcy N.D. Ga. 1981)*; See as well, *In the Matter of Gary DiCamillo, 206 B.R. 64 (Bkcy D.N.J. 1997) Keith M Lundin, Chapter 13 Bankruptcy, §4.89 at 4-91(2nd Ed.    1994)* Other courts rejecting longer terms are, *In re Flugel, 1997 B.R. 92 (Bkcy    S.D. Cal 1996)*

*(propose cured over 10 years not prompt); In re Embers 86th St.,    Inc. 184 B.R. 892 (Bkcy S.D.N.Y. 1995) (29 months); In re Liggins, 145 B.R. 227   (Bkcy E.D. Va. 1992) (48-60); In re Lloyd. No 92-12508S, 1992 WL 167067      (Bkcy E.D. Pa. July 6, 1992) (3-5 years); In re Yokley. 99 B.R. 394 (Bkcy M.D.    Tenn. 1989) (2 years)*

19.     As we mentioned at the beginning of this discussion, the assumption of a contract involves its reaffirmation by the debtor or the trustee. The entire contract must be assumed or rejected. Its provisions cannot be "cherry picket". As provided under 11 USC 365 (b) (1) (A) (B) (C) a debtor or trustee may assume an executory contract or an unexpired lease that is in default, only if the debtor or trustee "cures, compensates, and assures", meaning that it:

   (A) cures, or provides adequate assurance it will promptly cure defaults;

   (B) compensates, or provides adequate assurance it will promptly compensate, the counterparty for actual pecuniary loss resulting from default; and

   (C) **provides adequate assurance of future performance.**

20.     Pertaining to "the adequate assurance of future performance", this requirement will be met if debtors' proposal contains three basic safeguards. **First of all, the debtor must earn sufficient disposable income to allow him to pay the arrearage and costs within the time period specified, in addition to his other plan payments. Second, the debtor must make current rent payments as they fall due. Third, the lessor must be given a quick and relatively inexpensive avenue for obtaining relief from the stay if the debtor either defaults on any current rent payments or any prompt payment. *In re Morgan, 181 B.R. 579 (Bkcy N.D. Ala. 1994)***

21.     Furthermore, Bankruptcy Courts have ruled that: "The mere filing of a plan of reorganization providing for the assumption will not satisfy the statutory requirements if the plan is not served upon the party to the contract or lease." *In re Jennings, 204 BR (Bankr. W.D.Wash. 1997); Accord In re Ford, 159 BR 930 (Bankr. W.D. Wash. 1993)* Likewise, bankruptcy courts ruled that: "A court may reject debtor's motion to assume for failure to express a "clear, unequivocal, affirmation to assume" and set forth the "minimal cure, compensation, and adequate assurance requirements." *In re Ford, 159 BR 930 (Bankr. W.D. Wash. 1993)*

Case No. [ESL/BKT/MCF/EAG]
FIRSTBANK Puerto Rico: FIRST LEASING
Objection & Memorandum of Law
Page 8 of 12

22. Furthermore, October 27, 2019, Ms. Marisol Rodriguez - Negrón, with residence in Urb Sabanera del Río, 171 Camino de los Flamboyanes, Gurabo, Puerto Rico 00778-5228, *of her own free, conscious, and intelligent will consent to a binding contract with FirstBank: First Leasing & Rental Corp.*, consistent in a Lease Agreement for the rental and use of the auto. *Puig Brutau, Fundamentos del Derecho Civil, Chapter III on Los Vicios del Consentimiento, Ed. Bosh, Barcelona, Text II, Vol. I, 1978.* **Clm Reg 10.**

23.   Paragraph 19, sub paragraphs (a) and (b) it is clearly established:

   (a)   "Este es un contrato de arrendamiento y no una compraventa. Cada unidad pertenece exclusivamente al arrendador. ...

   (b)   Sin el consentimiento escrito del Arrendador, el Arrendatario no cederá, transferirá, hipotecara, dará en prenda o de otro modo dispondrá de este Arrendamiento o cualquier interés o derecho del mismo, ni sub-arrendara, prestara o alquilara de forma alguna cualquier Unidad; además el Arrendatario notificará por escrito al Arrendador inmediatamente de cualquier cambio significativo en su titularidad o disposición de sus activos aunque no esté contemplándose un cesión del Arrendatario...

24.   If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall prevail. *Title 31 PRLA §3471*

25.   Now comes Debtor(s) and does not provide for the assurance of future performance and promptly cure of the arrears; nor for its rejection and name and physical address and phone number of the person in possession of the lease, under Ought, on her bankruptcy schedules and/or the plan, and being duly represented legally this course of action makes her an accessory to a non compliance with the Lease Agreement Contract and with the Lease Contract Law of Puerto Rico.

26.   On 1984 the Supreme Court of Puerto Rico *arrived to an important conclusion.* In **Teacher's Annuity vs. Marital Community 115 DPR 277 (1984)**, the Supreme Court held that:

   a.   **Novation by substitution of the debtor can only take place with the creditor's consent. *Such consent must be patent and manifest.***

   b.   **The legal effect of a novation by substitution of the debtor is radical; it extinguishes the debt realizing the original debtor from all obligations toward the creditor and creates a new obligation with the substitute debtor.   Moreover, extinguishment of the debt entails**

distinguishment of the guaranties and other accessory rights, pursuant to the provisions of art.

c. in order to produced novation by substitution of the debtor, the creditor's consent must be certain and positive and must be given with the deliberate purpose of releasing the original debtor from his obligations and allocating them fully upon the new debtor.

d. Furthermore, the Court held that, *where applicable*, **the mere acceptance by the creditor of payments made by an alleged new debtor is not the certain and positive manner by which to infer the creditor's deliberate purpose of accepting the new debtor and thus, producing the novation by substitution of the debtor.**

27.    Debtor(s) Ms. Marisol Rodriguez Negron of her own free, conscious, and intelligent will signed a personal security interest on October 27, 2009. And, as of to this date have not provided the whereabouts of the lease property; where she does not own the title, and without creditors consent. *(Puig Brutau, Fundamentos del Derecho Civil, Ed. Bosch, Barcelona, Book II, Volume I, 1978)*  That said contract expressly prohibits the transfer, sale, etc. of the collateral account.  That under the laws of Puerto Rico Debtor could have surrendered the collateral directly to the Lessor - Creditor, instead of transferring or slaying the account to a Third Party, in violation of the laws of Puerto Rico, and in default of the written contact. *(Title 33 Laws of Puerto Rico, Annotated –, as amended on 2004).* ***It will incurred felony in the fourth degree any person who fraudulently: (a) indices another to an act or omission that affects the rights or interests over personal property or real property of said person, the State, or a third party, in their perjury. (b) incurs in an act or omission that affects the rights or interests over personal property or real property of said person, the State, or a third party. (Law No. 149, of June 4, 2004, as amended, and Title 33 LPR Article 201)*** *A felony in the forth grade will entail the imposition of reclusion for a fix term of natural years of not less than six (6) months and one (1) day, and not higher than three (3) years. The person may be granted conditional liberty by the Parroll Board after the compliance of half of the term.*

28.    Creditor has no knowledge of any unrecorded bill of sale transferring lease automobile from debtor to a Third Party until the 341 Meeting of creditors, and as it has been already held by the Bankruptcy Court ***"a creditor can not be forced into a commercial contract in bankruptcy".***  **In re Washington, 137 BR 748 (Bkrtcy. E. D. Ark. 1992)**  It is an axiomatic

that parties must mutually consent to bargain before a contract is formed. The same is true for modifications to contract. Thus, it follows from this axiom that one cannot be forced into commercial contract. In making contracts parties to the contract are as important an element as the terms with reference to the subject-matter. Mutual assent as to both is alike necessary. A new party could not be imported into the contract and imposed upon the bank without its consent, than a change could be made in like manner in the other pre-existing stipulations. *Supra*

29.     While it is true that under certain circumstances, bankruptcy debtors may alter terms of contracts, 11 USC §1322(b)(2), there is no basis in the Bankruptcy Code *for altering the parties* to the contract or *another party's contract. Supra*

30.     Movant requests an order from the Court for the debtor to surrender the property at once, with no further delay or the case to be dismissed.

31.     On the basis of the above facts, dismissal of the Chapter 13 petition is proper within the frame of Title 11 USC §1307(c)(1) and (4) of the Code; which provides:

(c)     Except as provided in subsection (e) of this section, on request of a party in interest or the United States Trustee and after notice and a hearing, the Court may convert a case under this Chapter to a case under Chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, including:

…

(1) Unreasonable delay by debtor that is prejudicial to Creditors; (emphasis added)…

(4)     Failure to commence making payments under section 1326 of this title; [emphasis added]

(5)     Denial of Confirmation of a plan under section 1325 of this Title and denial of request to made for additional time for filing another plan or modification of a plan; (emphasis added)

32.   The Legislative History on Title 11 USC §1307 states subsection (c) permits the Court, in the exercise its sound discretion, to convert, or dismiss the case, whichever is the best in the interest of creditors and the estate, for cause. Cause includes failure to commence making payments proposed by the plan within 30 days after the plan is filed.

33.     Pursuant to the Service Members Civil Relief Act: - the data banks of the Department of the Defense Manpower Data Center confirmed that the debtor(s) is (are) not

member(s) of the Uniformed Services (US Armed Forces, Navy, Marine Corps, Air Force, NOAA, Public Health, and Cost Guard.) *See Exhibit C*

## VI. CONCLUSION & PLEA.

This is Debtor's THIRD (3rd) bankruptcy case. Section 365 of the Bankruptcy Code provides that a bankruptcy trustee or debtor in possession, subject to Court approval, *may* under certain conditions assume or reject an executory contract or unexpired lease. If the bankruptcy trustee or the debtor assumes a lease, all arrearages must be cured and adequate assurance of future performance must be provided. **11 USC §365 (b)** In this case the debtor must specify if she intends to assume the lease; and if so, if she intends to assume the lease with FIFTEEN (15) prepetition arrearages for $13,567.80. Debtor must ascertained if she will provide promptly cure of the arrears and assurance of future performance: - in as much schedule J on Monthly Expenses does not provide for the monthly payment of $861.26, and a maturity date is on **October 27, 2015**. *See, Clm Reg 10-1 and Exhibit A* The subject of the personal lease is the automobile. It is Movant's contention that in a chapter 13 case the debtor has the responsibility of making plan payments for the benefit of all creditors. In order, to meet this obligation, the debtor usually must use the automobile for the purpose of transportation to and from work. Likewise, vehicles are use to for most families to buy basic necessities such as food and clothing. Actual use of the vehicle provides a direct benefit to the estate the form of continued payments when the car is use to facilitate work. Thus, according to 11 USC §365 (b) (1) (A) (B) (C), the case law and the learned treatises brought to the attention of this Honorable Court it is also Movant's contention that the Debtor must either assume the lease and provide assurance of future performance along with the promptly cure of the pre- petition arrears; or if the property has been unlawfully transfer: to immediately surrender the same at once, and or provide for the rejection of the lease, and provide the complete name, physical address, and phone number of the party in possession. *See Exhibit B*

In case of none compliance with the bankruptcy code or with the provisions under Title 33 of LPRA; Movant requests an order from the Court for the debtor to surrender the property at once, with no further delay or the case to be dismissed.

Case No.  [ESL/BKT/MCF/EAG]
FIRSTBANK Puerto Rico: FIRST LEASING
Objection & Memorandum of Law
Page 12 of 12

Respectfully submitted to this Honorable Court,

## RESPONSE TIME NOTICE

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

Rule 9013-1 (h)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this the same day of the filing of this motion the a copy of this Motion its being sent by the CM/ECF Bankruptcy System, at the address authorized on the docket, to : - the Debtor(s) counselor ROBERTO FIGUEROA CARRASQUILLO, - to Atty. Alejandro Oliveras Rivera//Atty. José Carrión Morales, the Chapter 13 - US Trustee, - to all the creditor's in the List of Creditors, and by first class mail to the Debtor's LUIS A FLORES GARCIA & MARISOL RODRIGUEZ NEGRON, at the address on record, PO BOX 9632, CIDRA, PUERTO RICO 00739.

In San Juan, Puerto Rico, this 30th day of December, 2014

BY:   _/s/ María M. Benabe Rivera_
María M. Benabe Rivera
Attorney for Movant - US - DC 208906
Maricarmen Colón Díaz – US – DC 211410
FIRSTBANK Puerto Rico
Centro de Servicios al Consumidor – Código 248
1130 Muñoz Rivera Ave., Rio Piedras, P R
PO Box 9146, San Juan, PR 00908-0146
maria.benabe@firstbankpr.com
(787)729-8135 / (787)729-8276

[Rev. 12/30/2014]



## Select a Case

There were 2 matching persons.

There were 2 matching cases.

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|------|----------|-----------|------------------------|------------|------------|-------------|
| RODRIGUEZ NEGRON, MARISOL (pty) (1 case) | 06-01438-SEK13 | LUIS ANGEL FLORES GARCIA and MARISOL RODRIGUEZ NEGRON | 13 | 05/10/06 | Joint Debtor | 04/30/09 |
| RODRIGUEZ NEGRON, MARISOL (pty) (1 case) | 14-08916-ESL13 | MARISOL RODRIGUEZ NEGRON | 13 | 10/30/14 | Debtor | N / A |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/29/2014 12:52:08 | | |
| **PACER Login:** | bancos12:2548506:0 | **Client Code:** |
| **Description:** | Search | **Search Criteria:** | LName: RODRIGUEZ NEGRON FName: MARISOL |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

*Exhibit 1*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:   **MARISOL RODRIGUEZ NEGRON**

        DEBTOR (S)

FIRSTBANK PUERTO RICO

MOVANT
VS.

Respondent  (S)

Case No.   **14-08916**
Chapter:   **13**

Index

| X | of acts against property under 11 USC 362 (D) (2) |

| | of other acts under II USC (D) (1) 1307 |

| | of co-debtor stay under 11 USC 1201 (c) (2) or 1301 (c) (2) |

Creditor:   Firstbank

Account Number:   **XXXXX1466**

## STATEMENT OF AMOUNT DUE INCLUIDING A BREAKDOWN

As of Date:                                    Per Diem Interest:

1.   Principal Balance Due:                                    $23,718.76

2.   Interest Due

3.   Late Charges Due:

4.   Advance for:      Taxes

                   Other Charges

5.   Attoneys cost & fees

6.   Any other charge  (Motion)

7.   Total                                                        $23,718.76

**I, Yvette Huertas, Assistant Vice President Firstbank Puerto Rico, declares under penalty of perjury of the laws of the United States that the foregoing is true and correct.**

**In San Juan, Puerto Rico this december 29, 2014.**

_____

Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

MARISOL RODRIGUEZ NEGRON

DEBTOR (S)

FIRSTBANK PUERTO RICO
MOVANT

VS.

RESPONDENT (S)

Case No.   **14-08916**
Chapter    **13**

### STATEMENT OF INSTALLMENTS DUE
### COST AND ATTORNEY'S FEES OWED ON PERSONAL LOANS
### CONDITIONAL SALES CONTRACT NUMBER:

**XXXXXX1466**

As of          December          29   ,          2014

**A.**   PRE-PETITION

| 15 | Monthly installments of | $ | 861.26 | Due | $12,918.90 |
| 15 | Monthly installment of | $ | 43.07 | Due | $   646.05 |

Total pre-petition installments and
late charges due                                          **$13,564.95**

**B.**   POST-PETITION

| 2 | Monthly installments of | $ | 861.26 | Due | $1,722.52 |
| 1 | Monthly installments of | $ | 43.07 | Due | $   43.07 |

Total post-petition installments and
late charges due                                          **$1,765.59**

**C.**          ATTORNEYS FEES

**TOTAL INSTALLMENTS DUE, COST AND
ATTORNEYS FEES OWED**

Case:14-08916-ESL13 Doc#:29 Filed:12/30/14 Entered:12/30/14 15:36:44 Desc:Main Document Page 16 of 21

```
AMAI            12/29/14        ACCOUNT INQUIRY          14:56:47        KO
CUR
CTL2 001  CTL3 000  CTL4 0000   ACCT xxxxxxxxxx1466     EFF DATE      12/29/14
CTL2 000  CTL3 000  CTL4 0000   CUST                    PART NONACCRL
                                ******** RATES ********  PRECOMPUTED - ADD ON
PAYOFF             23718.76                              AUTO DR            N
ORIG LOAN AMT      55800.00     CURR RATE    7.4500000   PROD TYPE       A781
ORIG PROCEEDS      41165.58     ORIG RATE    7.4500000   PRIM OFFICER     616
LT CHG DUE           815.76     PER DIEM     0.0000000   GL KEY 070010001 21
FEES DUE               0.00     ******** DATES ********  CALL CODE       06B0
CURRENT PRIN       22610.23     CONTRACT DATE  10/27/09  ***** REPAYMENTS *****
CURRENT INT         187.23-     CURR MATURITY  10/27/15  CURR TERM         72
SCH PYMT AMT         861.26     CLOSED DATE              PYMTS MADE        45
CUR PYMT AMT         861.26     SCHED DUE DATE 01/27/15  PYMTS REM         49
PAST DUE AMT       12975.47     OLDEST DUE DATE 08/27/13 MONTHS EXTD  0 REN 000
PARTIAL PAID         459.65     LAST MAINT DT  11/13/14  YTD INT COL     0.00
*************************       LST BAL CHG DT 11/13/13  INT COL PRV   761.41
MARISOL RODRIGUEZ-NEGRON                                 **** CREDIT HIST ****
URB SABANERA DEL RIO                                     011 016 030 060 090 000
171 CAMINO DE LOS FLAMBOYANES              COLLATERAL    007 005 012 005 026 000
GURABO               PR 00778-5228 CODE: AUTO
PH (    ) ( 787 ) 235-5355       DESC: T/HNC3244C 4P
PF1-NEXT STAT  PF2-PREV STAT  PF3-ADDL INFO
AMPCGIS1 AM7294 I: FIRST STATUS DISPLAYED                          LAST
```

Date: 12-29-2014 Time: 14:57:20.93

```
AMHS            12/29/14         HISTORY SUMMARY          14:57:01
CUR                              *ACCT MSG*
CTL2 001 CTL3 000 CTL4 0000 ACCT xxxxxxxxx1466 RODRIGUEZ-NEG
START DATE 08/12/14


OPT: A=ACCRUED SINCE LAST TRAN, C=CAPTURE, R=REVERSAL, S=SPECIFIC, H=SPLIT HIST
     D=DISPUTED ITEM STATUS CHG
OPT   EFF DATE TRAN DESCRIPTION            TRAN AMOUNT       POST BALANCE
      08/12/14 7011 FEE ASSESSMENT              38.75         22,610.23
      08/12/14 7011 FEE ASSESSMENT               4.31         22,610.23
      09/12/14 7011 FEE ASSESSMENT              38.75         22,610.23
      09/12/14 7011 FEE ASSESSMENT               4.31         22,610.23
      10/14/14 7011 FEE ASSESSMENT              38.75         22,610.23
      10/14/14 7011 FEE ASSESSMENT               4.31         22,610.23
      11/12/14 7011 FEE ASSESSMENT              38.75         22,610.23
      11/12/14 7011 FEE ASSESSMENT               4.31         22,610.23
      11/13/14 2013 ACCT F/M UPDATE  FLD = MESSAGE CODE      NEW = Q2
      11/13/14 2013 ACCT F/M UPDATE  FLD = STOP ALL CORRESP  NEW = Y
      11/13/14 2013 ACCT F/M UPDATE  FLD = STOP DELQ NTC     NEW = Y
      11/13/14 2273 COLL UPDT        FLD = DESC 1
      12/15/14 7011 FEE ASSESSMENT              38.75         22,610.23
      12/15/14 7011 FEE ASSESSMENT               4.31         22,610.23
 PF2-NEXT PAGE  PF3-PREV PAGE  PF6-SELECT
```

Date: 12-29-2014 Time: 14:57:34.00

Department of Defense Manpower Data Center

Results as of : Dec-30-2014 10:58:49 AM

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: MARISOL
First Name: RODRIGUEZ NEGRON
Middle Name:
Active Duty Status As Of: Dec-30-2014

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individual's active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | NA | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

Exhibit A

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: Z1Y7Y1A551C6B80

Label Matrix for local noticing
0104-3
Case 14-08916-ESL13
District of Puerto Rico
Old San Juan
Mon Dec 29 11:51:16 AST 2014

BANCO POPULAR PR
FORTUNO & RIVERA FONT LLC
PO BOX 13786
SAN JUAN, PR 00908-3786

COOP A/C AGUAS BUENAS
PO BOX 5
AGUAS BUENAS, PR 00703-0005

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

A&J Collection Agency
PO Box 1010
Camuy, PR 00627-1010

AAA
PO Box 70101
San Juan, PR 00936-8101

AEE
PO Box 372828
Cayey, PR 00737-2828

AT&T Mobility Puerto Rico, Inc
% AT&T Services, Inc
Karen Cavagnaro, Paralegal
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

American InfoSource LP as agent for
Midland Funding LLC
PO Box 268941
Oklahoma City, OK 73126-8941

Asociacion Res Sabanera Del Rio, Inc
600 Camino Sabanera
Gurabo, PR 00778

Att Services
PO Box 192830
San Juan, PR 00919-2830

BANCO POPULAR DE PUERTO RICO
BANKRUPTCY DEPARTMENT
PO BOX 366818
SAN JUAN PR 00936-6818

BANCO POPULAR DE PUERTO RICO
PO BOX 362708
SAN JUAN, PR 00936-2708

Banco Popular De Puerto Rico
209 Munoz Rivera Ave
San Juan, PR 00918-1000

Banco Popular De Puerto Rico
PO Box 2708
San Juan, PR 00936

Bp-Credit line
PO Box 2708
San Juan, PR 00936

Bureaus Investment Group Portfolio No 15 LLC
c/o Recovery Management Systems Corp
25 SE 2nd Avenue Suite 1120
Miami FL 33131-1605

Capital One Retail Card Service
1717 Central St
Evanston, IL 60201-1507

Citibank N.a.
8875 Aero Dr Ste 200
San Diego, CA 92123-2255

Claro
PO Box 360998
San Juan, PR 00936-0998

Cooperativa A/C Aguas Buenas
PO BOX 5
Aguas Buenas, PR 00703-0005

DTOP
Minillas Sta
San Juan, PR 00940-1269

FIRSTBANK
CONSUMER SERVICE CENTER
BANKRUPTCY DIVISION-(CODE 248)
PO BOX 9146, SAN JUAN, PR. 00908-0146

First Bank Auto
Auto Loans Department
PO Box 11852
San Juan, PR 00910-3852

Hector L Claudio Rosario
200 Ave Rafael Cordero Ste 140 PMB 285
Caguas, PR 00725-4303

Jose L Correa Cintron
Colegiado Num 6033
PO Box 246
Trujillo Alto, PR 00977-0246

Lcdo Reinaldo Rodriguez Ojeda
PO Box 363907
San Juan, PR 00936-3907

Martinez & Torres Law Offices
PO Box 192938
San Juan, PR 00919-3409

Midland Funding
8875 Aero Dr Ste 200
San Diego, CA 92123-2255

PUERTO RICO TELEPHONE DBA CLARO
FRANCISCO J SILVA, ESQ
PO BOX 360998
SAN JUAN, PR 00936-0998

Ramirez Y Delgado
PO Box 5
Aguas Buenas, PR  00703-0005

Synchrony Bank
c/o of Recovery Management Systems Corp
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

The Bureaus Inc
1717 Central St
Evanston, IL  60201-1507

JOSE RAMON CARRION MORALES
PO BOX 9023884
SAN JUAN, PR 00902-3884

MARISOL RODRIGUEZ NEGRON
URB SABANERA DEL RIO
171 CAMINO FLAMBOYANES STREET
GURABO, PR 00778-5049

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186

End of Label Matrix
Mailable recipients    36
Bypassed recipients     0
Total                  36