IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| MARISOL RODRIGUEZ NEGRON | CASE NO: 14-08916 ESL |
| DEBTOR | CHAPTER: 13 |
| | |
| BANCO POPULAR DE PUERTO RICO | Index ___ |
| MOVANT | Lift of Automatic Stay for Cause under |
| VS. | 11 USC §362 ( d ) ( 1 ) |
| MARISOL RODRIGUEZ NEGRON | |
| JOSE R. CARRION MORALES, TRUSTEE | |
| RESPONDENTS | |

MOTION FOR RELIEF OF THE AUTOMATIC STAY UNDER 11 USC §362

TO THE HONORABLE COURT:

Comes now secured creditor, BANCO POPULAR DE PUERTO RICO, and through the undersigned counsel respectfully alleges and prays as follows:

1. This Honorable Court has jurisdiction over the present controversy pursuant to 28 U.S.C., §157, 1334 and 11 U.S.C., §362.

2. Debtor owes Creditor a claim of $133,477.11 as debtor in a loan mortgage agreement.

3. Debtor's payment plan indicates that debtor is obliged to maintain regular post petition payments directly to creditor.

4. Debtor has not complied with the terms of said payment plan since at the moment of filing of this motion debtor is behind in his/her direct payments to Creditor, for a total arrearage of $3,641.33, which includes $3,121.26 in post petition payments (the equivalent of 3 months), and $520.07 for legal fees & costs. This amount will continue to increase as payments become due. Debtor also has not provided adequate assurance to Creditor of his/her ability to comply with the Plan, which Debtor has breached.

5. Attached to this motion is a Statement of Account of the loan agreement.

6. Debtor's next due date payment for the loan agreement is April 1, 2015.

7. Debtor's failure to comply with the payment plan with Creditor constitutes cause for the lifting of the automatic stay in favor of movant.

8. Debtor is not on active military duty as evidenced by the Declarations of Servicemen's Civil Relief Act of 2003, which accompanies this motion.

9. Movant wishes to underscore that the amount claimed in post petition arrears in the instant motion is the amount owed on a specific date that is specified in the attached statement of account. Meanwhile, the loan obligation continues in force. Therefore, unless debtor makes payments of the amounts that become due in the future, the amount of arrears owed to movant will inevitably increase.

WHEREFORE, Creditor respectfully requests from the Honorable Court authorize the lifting of the automatic stay in favor of Creditor.

RESPECTFULLY SUBMITTED,

In Guaynabo, Puerto Rico, this 16th day of March 2015.

NOTICE IS HEREBY GIVEN THAT IF NO WRITTEN REPLY OR OPPOSITION IS FILED AND SERVED WITHIN FOURTEEN (14) DAYS FROM DATE OF ISSUANCE OF SUMMONS, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT HEREIN.

CERTIFICATE OF SERVICE

I hereby certify that on the same date above I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Chapter 13 Trustee JOSE R. CARRION MORALES (newecfmail@ch13-pr.com) and debtor's attorney ROBERTO FIGUEROA-CARRASQUILLO (rfigueroa@rfclawpr.com).

/s/ Juan C. Fortuño Fas
JUAN C. FORTUÑO FAS
USDCPR 211913
COUNSEL FOR CREDITOR
P.O. BOX 9300 SANTURCE, PR 00908
TEL: [787] 751-5290 / FAX: [787] 751-6155
E-MAIL: bkbppr@fortuno-law.com

/arr

## STATEMENT OF ACCOUNT

| | | | | |
|---|---|---|---|---|
| **DEBTOR:** | MARISOL RODRIGUEZ-NEGRON | | **BPPR NUM:** | 0701199259 |
| **BANKRUPTCY NUM:** | 14-08916 ESL | | **FILING DATE:** | 10/30/14 |

### SECURED LIEN ON REAL PROPERTY

| | | | | | |
|---|---|---|---|---|---|
| Principal Balance as of | 08/01/13 | | | | 118,136.43 |
| Accrued Interest from | 07/01/13 | to | 03/31/15 | | 12,921.17 |
| Interest: 6.250% | Accrued num. of days: | 630 | Per Diem: | 20.509797 | |

**Monthly payment to escrow**

| | | | | | |
|---|---|---|---|---|---|
| Hazard | $0.00 | Taxes | $0.00 | MIP | $0.00 |
| A&H | $0.00 | Life | $0.00 | | |
| **Total montly escrow** | | $0.00 | Months in arrears 20 | Escrow in arrears | 0.00 |
| | | | | Accrued Late Charge: | 991.07 |
| | | | | Proyected Late Charge: | |

**Advances Under Loan Contract:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Title Search | $45.00 | Tax Certificate | $0.00 | Inspection | $0.00 | 1,429.60 |
| Other | $1,384.60 | | | | | |
| Legal Fees: | | | | | | 1,358.70 |
| **Total amount owed as of** | | 03/31/15 | | | | 134,836.97 |

### AMOUNT IN ARREARS

**PRE-PETTITION AMOUNT:**

| | | | | |
|---|---|---|---|---|
| 17 | payments of | $997.33 | each one | 16,954.61 |
| | acummulated lated charges | | | 861.80 |

**Advances Under Loan Contract:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Title Search | $45.00 | Tax Certificate | $0.00 | Inspection | $0.00 | 1,429.60 |
| Other | $1,384.60 | | | | | |
| Legal Fees | | | | | | 1,358.70 |
| | | | **A = TOTAL PRE-PETITION AMOUNT** | | | **20,604.71** |

**POST-PETTITION AMOUNT:**

| | | | | |
|---|---|---|---|---|
| 3 | payments of | $997.33 | each one | 2,991.99 |
| | Late Charge | | | 129.27 |
| | | | **B = TOTAL POST-PETITION AMOUNT** | **3,121.26** |
| | | | **A + B = TOTAL AMOUNT IN ARREARS** | **23,725.97** |

### OTHER INFORMATION

| | | | | | | |
|---|---|---|---|---|---|---|
| Next pymt due | 07/01/13 | Interest rate | 6.250% | P & I | $861.70 | Monthly late charge $43.09 |
| Investor | BANCO POPULAR DE PUERTO RICO | Property address | ARBOLADA DEV 1-F TABONUCO ST CAGUAS PR 00725 | | | |

The subscribing representative of Banco Popular de Puerto Rico declares under penalty of perjury that according to the information gathered by Banco Popular de Puerto Rico the foregoing is true and correct.

_____            03/06/15
**BANCO POPULAR DE PUERTO RICO**                    **DATE**

SACCTFHA   **Gerardo Caceres**

Department of Defense Manpower Data Center
Results as of : Mar-16-2015 01:47:14 PM
SCRA 3.0



Status Report
Pursuant to Servicemembers Civil Relief Act

Last Name: RODRIGUEZ-NEGRON

First Name: MARISOL

Middle Name:

Active Duty Status As Of: Mar-16-2015

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | District of Puerto Rico | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: MARISOL RODRIGUEZ NEGRON | Case Number: 14-08916A CH. 13 ESL | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Banco Popular de Puerto Rico

**COURT USE ONLY**

Name and address where notices should be sent:
Banco Popular de Puerto Rico
PO Box 362708
San Juan PR 00936
(#504027)
Telephone number:                email:

☑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** ____14____
(*If known*)

Filed on: 12/14/2014

Name and address where payment should be sent (if different from above):

❒ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:                email:

**1. Amount of Claim as of Date Case Filed:**          $ 133,477.11

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

✔ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Money Loaned
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: 9259 | 3a. Debtor may have scheduled account as: <br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional): <br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ✔Real Estate   ❒Motor Vehicle   ❒Other
Describe:

**Value of Property: $**_____
**Annual Interest Rate** 6.2500 ✔Fixed  or  ❒Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$ 20,604.71

**Basis for perfection:** Mortgage

**Amount of Secured Claim:**    $ 133,477.11
**Amount Unsecured:**           $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❒ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❒ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❒ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

**Amount entitled to priority:**

❒ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❒ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❒ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(  ).

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13) 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ✔ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Juan C. Fortuno Fas
Title:   Counsel for Creditor
Company:   Fortuno & Rivera Font, LLC.
Address and telephone number (if different from notice address above):

~~PO Box 9300~~
San Juan PR 00908

Telephone number: 787-751-5290        email: bkbppr@fortunolaw.com

/s/ Juan C. Fortuno Fas         01/19/2015
(Signature)          (Date)

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:** State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As**:
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13) 3

___**DEFINITIONS**___  ___**INFORMATION**___

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of
any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the
court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view
your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# United States Bankruptcy Court
## District of Puerto Rico

IN RE:                                                             Case No. **3:14-bk-8916**

**RODRIGUEZ NEGRON, MARISOL**                  Chapter **13**
Debtor(s)

## AMENDED CHAPTER 13 PAYMENT PLAN

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee ☑ directly ☐ by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.

PLAN DATED: _____     ☑ AMENDED PLAN DATED: **1/08/2015**
☐ PRE ☐ POST-CONFIRMATION                  Filed by: ☑ Debtor ☐ Trustee ☐ Other

### I. PAYMENT PLAN SCHEDULE

$ **300.00** x **6** = $ **1,800.00**
$ **800.00** x **12** = $ **9,600.00**
$ **1,500.00** x **42** = $ **63,000.00**
$ _____ x _____ = $ _____
$ _____ x _____ = $ _____

TOTAL: $ **74,400.00**

Additional Payments:
$ _____ to be paid as a LUMP SUM within _____ with proceeds to come from:

☐ Sale of Property identified as follows:
_____
_____

☐ Other:
_____
_____

Periodic Payments to be made other than, and in addition to the above:
$ _____ x _____ = $ _____

PROPOSED BASE: $ **74,400.00**

### III. ATTORNEY'S FEES
(Treated as § 507 Priorities)

Outstanding balance as per Rule 2016(b) Fee Disclosure Statement: $ **1,493.00**

Signed: _/s/_ 
Debtor

_____
Joint Debtor

### II. DISBURSEMENT SCHEDULE

A. ADEQUATE PROTECTION PAYMENTS OR ____ $ _____
B. SECURED CLAIMS:
☐ Debtor represents no secured claims.
☑ Creditors having secured claims will retain their liens and shall be paid as follows:
1. ☑ Trustee pays secured ARREARS:
Cr. **BPPR**       Cr. **BPPR**       Cr. **See Attached**
# **71010017659130**   # **x9259 POST-PET**   # _____
$ **18,523.87**     $ **2,099.00**     $ _____
2. ☑ Trustee pays IN FULL Secured Claims:
Cr. **HOA Sabanera Del R** Cr. _____ Cr. _____
# **171**     # _____     # _____
$ **2,325.00**     $ _____     $ _____
3. ☐ Trustee pays VALUE OF COLLATERAL:
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____
4. ☑ Debtor SURRENDERS COLLATERAL to Lien Holder:
**Banco Popular De P**
5. ☐ Other: _____

6. ☑ Debtor otherwise maintains regular payments directly to:
**Coop Aguas Buenas     BPPR**
C. PRIORITIES: The Trustee shall pay priorities in accordance with the law. 11 U.S.C. § 507 and § 1322(a)(2)
D. UNSECURED CLAIMS: Plan ☐ Classifies ☑ Does not Classify Claims.
1. (a) Class A: ☐ Co-debtor Claims / ☐ Other: _____
☐ Paid 100% / ☐ Other: _____
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____
2. Unsecured Claims otherwise receive PRO-RATA disbursements.

OTHER PROVISIONS: (*Executory contracts; payment of interest to unsecureds, etc.*)
* "Tax refunds will be devoted each year, as periodic payments, to the plan's funding until plan completion. The plan shall be deemed modified by such amount, without the need of further Court order. The debtor(s) shall seek court's authorization prior any use of funds."
First Bank claim #10, debtor assumes executory contract/car lease with First Bank; pre-petition arrears ($13,567.80) to be paid through the Trustee, debtor to continue making current direct payments to First Bank; debtor to provide car insurance in favor of First Bank, directly with Insurance Co.

Attorney for Debtor **R. Figueroa Carrasquillo Law Office**      Phone: **(787) 744-7699**

AMENDED CHAPTER 13 PAYMENT PLAN

IN RE **RODRIGUEZ NEGRON, MARISOL**     Case No. **3:14-bk-8916**

Debtor(s)

## AMENDED CHAPTER 13 PAYMENT PLAN
### Continuation Sheet - Page 1 of 1

| | Cr | # | $ |
|---|---|---|---|
| Trustee pays secured ARREARS: | Coop A/C Aguas Bue | X5120 POST-PET | 4,690.96 |
| | Coop Aguas Buenas | 6051201091007 | 36,402.12 |
| Executory Contracts - Assumed: | First Bank | | |